UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-502-RJC-DSC

| KONA ICE, INC., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| JEREMY BRYAN HUNT D/B/A KAHUNA ICE | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Partial Summary Judgment and supporting documents (Doc. No. 24, 36), Defendant's Response in Opposition and supporting documents (Doc. No. 33), and Plaintiff's Motion to Strike (Doc. No. 37). This matter is ripe for review.

### I. BACKGROUND

Plaintiff Kona Ice ("Kona") is a corporation that offers frozen treats, through service vehicles, and offers products throughout the country. Plaintiff is represented through its franchisees in approximately 40 states. The technology used by Plaintiff in its service vehicles has been disclosed and claimed in United States Patent No. 8,157,136, entitled "Mobile Confectionary Apparatus With Protectible Dispensing System" ("the '136 patent"), which was duly and legally issued on April 17, 2012. (Doc. No. 24-1). The '136 patent relates to mobile confectionaries that are used for selling a variety of confections, including snow cones, shaved ice, ice cream, and beverages.

On September 6, 2013, Plaintiff filed a claim against Defendant Kahuna Ice ("Kahuna")

1

for infringement of the '136 patent. Plaintiff alleges that Kahuna was aware of the '136 patent and was aware of both the risk of infringement and of its actual infringement of the '136 patent. However, despite its awareness, Plaintiff alleges that Kahuna continues to knowingly use, operate, and own the Big Kahuna Service Vehicles. On July 1, 2014, Plaintiff filed a Motion for Partial Summary Judgment (Doc. No. 24) of infringement and patent validity that is now before this Court.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). "The burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case." Id. at 325.

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal citations omitted). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. Id. at 249-50.

### III. DISCUSSION

#### A. Motion to Strike

Plaintiff has moved to strike various exhibits attached to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment. This Court overrules Plaintiff's objection. The majority of these exhibits would be admissible but for the failure of a pro se Defendant to authenticate them properly. Likewise, objections to Defendant's affidavit, Exhibit F, could conceivably be overcome by Defendant merely rephrasing the verbiage of the affidavit. These failures derive, in greater measure, from pro se Defendant's limited knowledge of the Federal Rules of Evidence and Federal Rules of Civil Procedure than from the intrinsic nature of evidence. For these reasons, the Court overrules Plaintiff's objection and **denies** Plaintiff's Motion to Strike (Doc. No. 37).

#### B. Patent Infringement

To establish a prima facie case for patent infringement, the plaintiff must show: (1) a statement that the plaintiff owns the patents at issue, (2) the name of the defendant, (3) a

3

statement that the defendant infringed the patent, (4) a general description of the means by which the patent was infringed, and (5) the identification of the specific parts of patent law that are implicated. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed and the second step is comparing the properly construed claims to the device accused of infringing. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995). Here, Plaintiff has provided evidence to support their prima facie case. In their infringement claim charts, Plaintiff outlines where every limitation of Claim 19 of the '136 patent is found in the Defendant's accused service vehicle. (Doc. No. 9 at 12-14). Specifically, in regards to Claim 19, Plaintiff has provided references to precise exhibits that demonstrate patent infringement (Id.).

Plaintiff contends that Defendant has not properly raised a non-infringement defense or pleaded non-infringement as an affirmative defense with respect to Claim 19 of the '136 patent. Plaintiff further asserts that because Defendant infringes at least one claim of the '136 patent Plaintiff need not prove infringement of any other claims. Abbott Labs. v. Andrx Pharm., Inc., 473 F.3d 1196, 1201 (Fed. Cir. 2007). During discovery, Plaintiff requested Defendant to identify those claims of the '136 patent it contends it does not infringe and which limitations are purportedly missing. Plaintiff asserts that Defendant failed to contend that it does not infringe Claim 19 and failed to identify any limitation of Claim 19 that was purportedly missing from the accused service vehicle. (Doc. No. 10-3, 4). Plaintiff further asserts that Defendant failed to raise any legally competent evidence disputing its infringement of the '136 patent, which is based upon the assertion that Defendant's exhibits should be stricken because they are unverified, undated, and unauthenticated.

4

This Court disagrees and finds that in viewing the evidence in the light most favorable to the pro se Defendant, the Defendant has met its burden of setting forth sufficient facts showing that there is a genuine issue for trial. An infringement analysis entails two steps: (1) determining the meaning and scope of the patent claims asserted to be infringed and (2) comparing the properly construed claims to the device accused of infringing. Markman, 52 F.3d at 976 (Fed. Cir. 1995). In the second step, the properly construed claims are compared to the accused product or process to determine whether each of the claim limitations is met. CCS Fitness, Inc. v. Brunwick Corp., 288 F.3d 1359, 1365 (Fed. Cir. 2002). In order to prevail on a claim for patent infringement each of the claim limitations must be met. Id.

Here, the Defendant has provided enough evidence to factually place the second step in dispute by clearly identifying limitations of Claim 19 that are missing from the accused service vehicle. (See Doc. No. 33 at 11, 13, 14). Specifically, in Exhibit B, Defendant provides a claim chart identifying which claims are missing from the Plaintiff's '136 patent. (Doc. No. 33 at 11). Defendant also provides photographs and drawings that describe the missing elements of the '136 patent. (Doc. No. 33 at 13, 14). Furthermore, contrary to Plaintiff's assertions, in Defendant's answer to Plaintiff's amended complaint, Defendant has explicitly raised an affirmative defense to infringement, claiming that he has not "directly infringed, indirectly infringed, contributed to or induced infringement of any valid and enforceable claim of the '136 Patent." (Doc. No. 29 at 4). For these reasons, the Court **denies** Plaintiff's Partial Summary Judgment of patent infringement.

    C.    Patent Validity

An issued United States Patent is entitled to a presumption of validity; however, the presumption is not conclusive and a party charged with infringement may rebut the presumption.

35 U.S.C. § 232; Cornwall v. U.S. Construction Manufacturing Inc., 800 F.2d 250 (Fed. Cir. 1986); Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1297 (Fed. Cir. 2002). Patent invalidity is a complete defense to charges of patent infringement. Cornwall, 800 F.2d at 250. If the Defendant attempts to challenge the validity of a patent, Defendant bears the burden of persuasion by clear and convincing evidence on all issues relating to the alleged invalidity of the patent. Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1576 (Fed. Cir. 1996). Invalidity is an affirmative defense in patent infringement suits, which the alleged infringer must specifically plead. Fed. Civ. Pro. 8(c); see Cornwall, 800 F.2d at 252.

Here, Defendant fails to provide sufficient evidence to create a genuine issue of fact with respect the validity of the '136 patent. It is undisputed that Defendant has not raised invalidity as an affirmative defense in his original answer or his answer to the amended complaint. (Doc. No. 10). Defendant's answer fails to assert, with specificity, any counterclaims or defenses related to the invalidity of the '136 patent. Furthermore it is undisputed that Plaintiff requested in discovery that Defendant "[p]roduce all documents which refer to or relate in any way to any prior art relative the subject matter and/or any of the claims of the '136 patent." (Doc. No. 24-7 at 13). In response to Plaintiff's request, it is undisputed that Defendant failed to produce any prior art that could be relied upon to demonstrate invalidity. (Doc. No. 24-8 at 4). Defendant contends that it would be premature to give a judgment at this time and that the patent is clearly obvious; however, Defendant's arguments are merely conclusory. Defendant fails to provide evidence to support his conclusory assertions. For these reasons, the Court **grants** Plaintiff's Partial Summary Judgment of validity.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 24) is hereby **GRANTED** in part and **DENIED** in part.

2. Plaintiff's Motion to Strike (Doc. No. 37) is **DENIED.**

Signed: March 31, 2015

Robert J. Conrad, Jr.
United States District Judge