UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-502-RJC-DSC

| KONA ICE, INC., | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| JEREMY BRYAN HUNT | ) |
| d/b/a BIG KAHUNA | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Find Defendant in Contempt and for Sanctions ("Motion for Contempt"), (Doc. No. 32), and Defendant's Notice of Filing of Bankruptcy Proceeding and Notice of Stay as to Defendant Jeremy Bryan Hunt ("Notice of Bankruptcy"), (Doc. No. 53).

I.  BACKGROUND

Plaintiff Kona Ice ("Plaintiff") filed its Complaint against defendant Jeremy Bryan Hunt d/b/a Big Kahuna ("Defendant") on September 6, 2013, for patent infringement.  (Doc. No. 1). On July 1, 2014, Plaintiff filed a Motion for Partial Summary Judgment of Infringement and Patent Validity.  (Doc. No. 24).  On September 4, 2014, Plaintiff filed its Motion for Contempt, (Doc. No. 32), for Defendant's failure to pay sanctions for discovery abuses as ordered by the Court in two separate Orders, (Doc. Nos. 25, 30).

The Court granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment on March 31, 2015.  (Doc. No. 51).  On May 21, 2015, Defendant filed a Notice of Bankruptcy providing notice that he had filed a petition under Chapter 13 of the United States Bankruptcy Code and that an Order for Relief had been entered by the United States Bankruptcy

1

Court for the Western District of North Carolina. (Doc. No. 53).

## II. DISCUSSION

The filing of a Chapter 13 petition automatically stays all claims against the debtor under section 362 of the United States Bankruptcy Code. 11 U.S.C. § 362; In re Litton, 330 F.3d 636, 640 (4th Cir. 2003). Accordingly, this Court enters an **ORDER of STAY** pending Defendant's completion of his Chapter 13 plan. The parties are directed to inform the Court upon the conclusion of the bankruptcy plan. Until then, the parties are to avoid filings with the exception of reports informing the Court of the status of the bankruptcy plan.

However, "a contempt action for nonpayment of court-ordered sanctions is exempted from the automatic stay unless the proceeding turns on the determination or collection of the underlying judgment." In re Dingley, 514 B.R. 591, 600 (B.A.P. 9th Cir. 2014); see also In re Rook, 102 B.R. 490, 493 (Bankr. E.D. Va. 1989), aff'd, 929 F.2d 694 (4th Cir. 1991) (holding that the automatic stay was not applicable to contempt proceedings to enforce a court order). Plaintiff's Motion for Contempt, (Doc. No. 32), therefore, is not stayed by Defendant's bankruptcy proceeding. Accordingly, the Court **ORDERS** that Defendant appear on Wednesday, September 9, 2015, at 10 a.m. to show cause why he should not be held in contempt.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. This case is **STAYED** pending Defendant's completion of his Chapter 13 plan;
2. The parties inform the Court upon the conclusion of the bankruptcy plan; and

**3.**     Defendant appear on Wednesday, September 9, 2015, at 10 a.m. to show cause why he should not be held in contempt.

Signed: August 26, 2015

Robert J. Conrad, Jr.
United States District Judge